UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br><br>          Plaintiff,<br><br>     v.<br><br>ANNE MARIA SCHUBERT,<br><br>          Defendant. | Case No.  1:22-cv-00856-HBK<br><br>SCREENING ORDER<br><br>ORDER DIRECTING PLAINITFF TO SHOW CAUSE WHY THE ACTION IS NOT BARRED AS DUPLICATIVE OR BY RES JUDICATA [1]<br><br>SEPTEMBER 6, 2022 DEADLINE<br><br>(Doc. No.  1) |

Plaintiff Martin Lee Foster is proceeding pro se and *in forma pauperis* on a Complaint filed on July 11, 2022. (Doc. Nos. 1, 2).  Because the Court finds the instant Complaint appears to be duplicative of an action Plaintiff previously initiated in the Sacramento Division of this Court, the Court directs Plaintiff to show cause why the action should not be dismissed as duplicative of case number 2:22-cv-00339-JAM-CKD (E.D. Cal. 2022).[2]

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2022).

[2] It appears this case should have been filed in the Sacramento Division of this Court.  Plaintiff resides in Marysville, California, and it appears the both the defendant resides and incident giving rise to the claims occurred in Sacramento.   *See* 28 U.S.C. § 1391 (noting a civil action may be brought where all defendant resides, or where a substantial part of the events or omissions giving rise to the claim occurred).  Under 28 U.S.C. § 1406 and Local Rule 120(f), the undersigned does not find good cause or that it in the interest of

# BACKGROUND

**A. Summary of Complaint in Instant Action**

The Complaint names one defendant: Ann Marie Schubert, who Plaintiff identifies as the "district attorney." (Doc. No. 1 at 1). The Complaint, with exhibits, consists of 14 pages in its entirety, although at the bottom of page 2 Plaintiff writes "end of complaint." (*See id*. at 2). The facts in support of the Complaint are set forth in six paragraphs in the first two pages of the Complaint. (*Id*. at 1-2). The next page lists the injuries Plaintiff claims he suffered and the relief he seeks. (*Id*. at 3-4). The remainder of the Complaint consists of documents and pleadings related to Plaintiff's criminal case. (*Id*. at 5-14).

Although far from the model of clarity, the Complaint challenges Plaintiff's California state court plea-based conviction. (*Id.*). Due to its brevity, the Court recites the facts in full:

> Paragraph 1. I allege the Defendant violated rights protected by the Constitution or US Law in criminal case 2020-225347. The charge of 245(a)(1) AWDW firearm is a felony count. Actually the complaint for said charge is interpreted and considered a "demur" or demurrer.
>
> Paragraph 2. A demur is explained by the criminal complaint filed if the complaint doesn't' allege a crime then the case must be dismissed by demur.
>
> Paragraph 3. Defendant, instead of case dismissal, willfully deprived or conspired to deprive I, the Plaintiff of being released out of custody.
>
> Paragraph 4. Defendant continued with prosecution, keeping I, the Plaintiff, incarcerated over 16 months.
>
> Paragraph 5. I submitted letters to Defendant showing facts of exoneration. Defendant willfully ignored all letters, keep I, the Plaintiff incarcerated over 16 months. I also explained about being deemed incompetent, which was unjustifiable. Being incompetent to stand trial deprived the right of due process.
>
> Paragraph 6. After over 16 months incarceration Defendant submitted the first deal sentence. The deal was a felony terrorist threat. Joined with a strike. I understand that the deal was a forced amounting to punishment, but due to a cruel depressing, stressful, excessive time incarcerated I pled no contest to the deal sentence. I was placed on parole and other unjustifiable court stipulations. I

---

justice to transfer the case to the Sacramento Division.

>suffer extreme mental and physical damage. I feel like the Defendant purposely ruined my life. I live day to day afraid of a 3rd strike. Defendant forced a self-imposed 3rd strike.

(*Id.* at 1-2). Plaintiff includes an itemized list of damages numbered in order from 1 through 12, ranging from "mental damage and mental anguish" to "victimhood." (*Id.* at 3). As relief, Plaintiff seeks $341,054.00 in monetary damages. (*Id.* at 3).

Attached to the instant Complaint is a Sacramento Police Report entitled "General Offense Hardcopy" that recites an incident that transpired on July 28, 2020, which appear to form the basis of Plaintiff's plea-based criminal conviction. (*Id.* at 5-6). Plaintiff attaches a document entitled "self-imposed explanation of exoneration" in which he challenges his competency. (*Id.* at 8-10). Plaintiff also attaches a copy of the docket sheet for the civil case he initiated in the Sacramento Division of this court at 2:22-cv-00339-JAM-CKD (E.D. Cal. 2022). (*Id.* at 12). Plaintiff includes a note that he filed the instant action in the Fresno Division due to "Clerk's tampering with Court documents & Mail in Sacramento U.S.D.C." (*Id.* at 14).

**B. Summary of Plaintiff's Other Action**

Plaintiff initiated Case No. 2:22-cv-00339-JAM-CKD (E.D. Cal. 2022) on February 22, 2022 in the Sacramento Division of this Court by filing a civil complaint pursuant to 42 U.S.C. § 1983 against the same Defendant identified in the instant action, Ann Marie Schubert, the prosecutor assigned to his criminal case. (Sac. Doc. No. 1). On April 4, 2022, the Sacramento Court issued a screening order directing Plaintiff to file a first amended complaint ("FAC") within thirty days because the complaint did not contain sufficient facts required under the Federal Rules of Civil Procedure. (Sac. Doc. No. 3 at 3-6). The screening order further noted that Plaintiff's claims concerning unlawful arrest may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and the prosecutor may be entitled to prosecutorial immunity. (*Id.* at 4-5).

Plaintiff timely filed a FAC. (Sac. Doc. No. 4). The FAC again named the prosecutor, Ann Marie Schubert, as the sole defendant. (*Id.* at 1). The allegations in the FAC concerned Plaintiff's alleged wrongful arrest and conviction referencing the same Sacramento Police Report, which is attached to the Complaint in the instant action. (*Id.* at 7-8). Plaintiff also attached the same document entitled "self-imposed explanation of exoneration" challenging his competency.

1  (*Id.* at 9-10).  Plaintiff listed a litany of damages labeled 1 through 11 ranging from mental

2  anguish to mental damage from cruel and unusual punishment.  (*Id.* at 6).  As relief, Plaintiff

3  sought monetary damages totaling $331,054.00.  (*Id.* at 5).

4        On May 18, 2022, the Sacramento Court issued a findings and recommendations that the

5  district court dismiss the FAC because: (1) the FAC failed to state a claim; (2) the prosecutor of

6  Plaintiff's criminal case was immune from suit under prosecutorial immunity; and (3) a claim for

7  wrongful arrest is not cognizable under 42 U.S.C. § 1983.  (Sac. Doc. No. 5 at 1-4).  After

8  Plaintiff failed to file any objections, the district court adopted the findings and recommendations

9  and dismissed the FAC without leave to amend on July 19, 2022.  (Sac. Doc. No. 6). Judgment

10  was entered the same day.  (Sac. Doc. No. 7).

11  **APPLICABLE LAW**

12  **A.  Duplicative Actions/ Res judicata**

13      Under the doctrine of res judicata, a final judgment on the merits precludes the parties or

14  their privies from relitigating issues that were or could have been raised in an earlier action.

15  *Dodd v. Hood River County,* 59 F.3d 852, 863 (9th Cir. 1995). The Supreme Court has noted that

16  "claim preclusion" and "issue preclusion" are referred to collectively as "res judicata."  *Taylor v.*

17  *Sturgell,* 553 U.S. 880, 128 S.Ct. 2161, 2171, 171 L.Ed.2d 155 (2008). The doctrine of res

18  judicata is applicable to § 1983 actions.  *Clark v. Yosemite Community College Dist.,*785 F.2d

19  781, 788 n. 9 (9th Cir. 1986)(noting that there is no exception to the rules of issue and claim

20  preclusion for federal civil rights actions brought under 42 U.S.C. § 1983), citing *Migra v.*

21  *Warren City School Dist. Bd. of Education,* 465 U.S. 75, 84, 104 S.Ct. 892, 898, 79 L.Ed.2d 56

22  (1984); *Allen v. McCurry,* 449 U.S. 90, 97-98 (1980); *Piatt v. MacDougall*, 773 F.2d 1032, 1034

23  (9th Cir.1985)(en banc).

24      Because the instant action names the same party previously identified as a defendant and

25  the claims appear nearly identical to the claims set forth in the FAC filed in the Sacramento case

26  number 2:22-cv-00339-JAM-CKD (E.D. Cal. 2022), Plaintiff shall show cause why this case

27  should not be dismissed as duplicative or as barred by res judicata no later than September 6,

28  2022.  Alternatively, because no defendant has yet been served, Plaintiff may file a Notice of

Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1).  Finally, if Plaintiff fails to timely respond to the Court's order to show cause, the undersigned will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action.

Accordingly, it is **ORDERED**:

1. No later than **September 6, 2022,** Plaintiff shall show cause why this action is not duplicative of his prior case proceeding at case number 2:22-cv-00339-JAM-CKD (E.D. Cal. 2022 or barred by res judicata.

2. Plaintiff's failure to timely respond to this Show Cause Order will result in the recommendation to the district court that this case be dismissed due to Plaintiff's failure to prosecute this action and/or comply with a Court order.

Dated:   August 16, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE