UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANN MARIE SCHUBERT,<br><br>　　　　Defendant. | Case No. 1:22-cv-00856-HBK<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

　　　　This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and timely respond to the Court's order to show cause. (Doc. No. 4).

**I. FACTS AND BACKGROUND**

　　　　Plaintiff Martin Lee Foster proceeds pro se on his civil rights complaint. (Doc. No. 1, "Complaint"). The Complaint identifies one defendant: Anne Marie Schubert, who appears to be the prosecutor in Plaintiff's underlying criminal case. (*Id.*). The Complaint alleges nearly identical claims to the claims raised by Plaintiff in a complaint filed in the Sacramento Division

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

of this Court in case number 2:22-cv-00339-JAM-CKD (E.D. Cal. 2022).  On July 28, 2022, the undersigned screened the Complaint and issued an order directing Plaintiff to show cause why the action is not barred as duplicative or by res judicata.  (Doc. No. 4).  The Court set a September 6, 2022 deadline for Plaintiff to deliver his response to correctional officials for mailing and expressly warned Plaintiff that his "failure to timely respond to this order to show cause will result in the recommendation to the district court that his case be dismissed due to Plaintiff's failure to prosecute and/or comply with a Court order." (*Id.* at 5).  The Court has permitted a sufficient amount of time to elapse for mailing of the response by the September 6, 2022 deadline but Plaintiff has not responded to the Court's order to show cause.  (*See generally* docket).

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with any order of the court.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing

2

the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

### III.  ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissing this case is warranted.  The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Finally, the instant dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Considering these factors and those set forth *supra*, as well as binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

////

Accordingly, it is **ORDERED**:

The Clerk of Court assign a district judge.

It is further **RECOMMENDED**:

This case be dismissed without prejudice for Plaintiff's failure to prosecute this action and the Clerk be directed to terminate any motions and close this case.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     September 26, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE